IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALBERT LEVON WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 22-0337-KD-MU |
| | ) | |
| WARDEN GUY NOE,[1] | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

Albert Levon Williams, a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1). Williams challenges his conviction and sentence, as a habitual offender, on four counts of first-degree robbery for a string of convenience store robberies. Having carefully reviewed the record, Williams's petition and other filings in support of his petition, Respondent's answers, and all exhibits filed in this matter, the Court finds that there are sufficient facts and information upon which the issues under consideration may be properly resolved. Therefore, no evidentiary hearing is required. Accordingly, for the reasons set forth herein, the petition is **DENIED**.

**I. PROCEDURAL HISTORY**

Williams was convicted of four counts of first-degree robbery for a string of convenience store robberies that occurred in Mobile, Alabama. (Doc. 10-2, PageID. 184-191). On March 1, 2018, the trial court sentenced Williams as a habitual felony

---

[1] Petitioner incorrectly spelled Warden Noe's name in his petition as Warden "Nolls." The Court has corrected it here.

offender to four concurrent terms of life imprisonment for these convictions. (*Id.*, PageID. 159). Williams appealed to the Alabama Court of Criminal Appeals. (Doc. 10-7, PageID. 767).

Williams raised the following claims on direct appeal: 1) the trial court erred in denying his *Batson* challenge; 2) the trial court erred in overruling his motion for mistrial when, during closing arguments, the prosecutor allegedly commented on his decision not to testify; and 3) the trial court erred in denying his motion to suppress the gun found in his car during an inventory search. (Doc. 10-8, PageID. 824-41). The Alabama Court of Criminal Appeals denied relief for Williams's *Batson* claim after finding it lacked merit. *Willliams v. State*, 286 So. 3d 26 (Ala. Crim. App. 2018) (table); (Doc. 10-10, PageID. 885-90). The Court found that Williams's challenge to the denial of his motion for mistrial was not preserved for review on appeal because the motion was not timely made during trial. (*Id.*, PageID. 890-91). Finally, the Court of Criminal Appeals found that Williams's challenge to the denial of his motion to suppress lacked merit and denied that claim as well. (*Id.*, PageID. 891-93).

Williams did not seek rehearing of this decision, nor did he petition the Alabama Supreme Court for certiorari review; therefore, his convictions became final on August 22, 2018, when the Court of Criminal Appeals issued a Certificate of Judgment. (Doc. 10-11).

On June 4, 2019, 286 days into the one-year limitation period for filing a Rule 32 postconviction petition, Ala. R. Crim. P. 32.2, Williams filed a Rule 32 petition raising the following ineffective assistance of counsel claims: 1) trial counsel did not know the applicable law to effectively argue Williams's motion to suppress and 2) appellate

2

counsel did not raise an ineffective assistance of trial counsel claim for trial counsel's failure to subject the State's case to "meaningful adversarial testing." (Doc. 10-12, PageID. 931). Thereafter, Williams amended his petition to add a claim that his trial counsel was ineffective for failing to subject the State's case to "Meaning [sic] Adversarial Testing," arguing that, in regard to two of the counts, trial counsel did not object on confrontation clause grounds when two of the victims named in the indictment were not called as witnesses at trial. (Doc. 10-13, PageID. 1078-89).

The State sought summary disposition of Williams's Rule 32 petition on the grounds that it was precluded, insufficiently plead, and/or meritless. (Doc. 10-14, PageID. 1131-44). In a response to the State's answer, Williams explicitly abandoned his claim that appellate counsel was ineffective and expressed his intent to pursue only those claims related to the alleged ineffectiveness of trial counsel. (Doc. 10-15, PageID. 1193). On September 21, 2021, the trial court entered an order dismissing Williams's petition for the reasons argued by the State. (Doc. 10-15, PageID. 1223-35).

Williams appealed, raising the following claims on appeal: 1) whether a remand was necessary so that the Mobile Circuit Court could address all of his ineffective assistance of counsel claims; 2) whether the Mobile Circuit Court committed an abuse of discretion when it failed to address all of his ineffective assistance of counsel claims; 3) whether his post-conviction Rule 32 petition presented enough information to surpass his burden of pleading stage; and 4) whether the state created an impediment that conflicted with his liberty interest in procedural due process of law. (Doc. 10-16, PageID. 1256). In his brief, Williams argued that the circuit court's order dismissing his Rule 32 petition was not a final order because the court did not address each of his claims of

ineffective assistance of counsel but rather mischaracterized his claims as substantive claims. (*Id.*).

The Court of Criminal Appeals initially remanded the case for the trial court to supplement the record with its Rule 32 order in CC-16-872.60, which was omitted from the original record, and the trial court did so. (Doc. 10-18; Doc. 10-19). In a memorandum opinion issued on April 22, 2022, the Court of Criminal Appeals affirmed the summary dismissal of Williams's Rule 32 petition finding that the Court had jurisdiction over the appeal because the trial court's orders dismissing his petition were, in fact, final orders. (Doc. 10-20, PageID. 1337-38). The Court concluded that, because Williams did not mention his claim alleging ineffective assistance of trial counsel for failing to effectively argue the motion to suppress in his briefing, that claim was not properly before the Court and would not be considered. (*Id.*, PageID. 1339). The Court also noted that Williams withdrew his claim of ineffective assistance of appellate counsel in his reply to the State's response to his Rule 32 petition and, because he did not reassert it on appeal, it was not properly before the Court. (*Id.*). The Court of Criminal Appeals did address Williams's contention that counsel was ineffective for not raising a confrontation clause claim and found it to be without merit. (*Id.*, PageID. 1340-43).

Williams sought rehearing of this opinion, but the Court of Criminal Appeals overruled his request on June 3, 2022. (Doc. 10-21; Doc. 10-22). Williams then filed a petition for a writ of certiorari in the Alabama Supreme Court. (Doc. 10-23). In his petition, Williams alleged that the opinion rendered by the Court of Criminal Appeals conflicted with prior decisions of the Supreme Court and set forth the following

4

ineffective assistance of counsel claims: 1) trial counsel did not know the applicable law to effectively argue the suppression issue and 2) trial counsel did not subject the State's case to meaningful adversarial testing by failing to adequately protect his rights under the confrontation clause. (*Id.*, PageID. 1373-81). The Alabama Supreme Court denied the writ and issued a certificate of judgment on August 12, 2022. (Doc. 10-24).

On or about August 22, 2022, Williams filed the instant Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254. (Doc. 1). Respondent filed a response in opposition to the petition on November 21, 2022, and Williams has filed several memorandums and an addendum in reply. (Docs. 10, 11, 14, 17, 18, 19).

## II. PETITIONER'S CLAIMS

Considering his *pro se* petition liberally, the Court finds that Williams raises the following claims in support of his petition for habeas relief: 1) ineffective assistance of counsel at the motion to suppress hearing prior to trial and 2) ineffective assistance of counsel in failing to subject the prosecution to "meaningful adversarial testing," by failing to protect his Sixth Amendment right to confront his accusers.

## III. LEGAL ANALYSIS

Pursuant to 28 U.S.C. § 2254, a district court may grant habeas relief "*only* on the ground that [a prisoner] is in custody in violation of the Constitution or laws or treaties of the United States." (emphasis added). The Supreme Court has cautioned that the writ of habeas corpus is "an 'extraordinary remedy' that guards only against 'extreme malfunctions in the state criminal justice system.'" *Shinn v. Ramirez*, 596 U.S. 366, 377 (2022). That is because criminal law enforcement has traditionally been the

States' responsibility, and the States—not the federal judiciary—have primary authority for defining and enforcing their criminal laws and for settling constitutional challenges to state convictions. *Id*. at 376 (citations omitted). Put simply, because "federal habeas review overrides the States' core power to enforce criminal law," its role necessarily is a narrow one. *Id*. at 376-77. This rigorous standard controls the Court's analysis of Williams's claims.

Respondent contends that the petition for habeas relief filed by Williams is due to be dismissed because he failed to fully exhaust his first ineffective assistance of counsel claim. (Doc. 10, PageID. 90-91). Respondent further argues that Williams cannot prevail on his second ineffective assistance of counsel claim because the decision of the Court of Criminal Appeals, finding that trial counsel was not ineffective for not raising a confrontation clause objection because doing so would have been baseless, was not contrary to clearly established federal law, did not involve an unreasonable application of such law, and was not based on an unreasonable determination of the facts. (*Id.,* PageID. 102-05).

"Any federal claims presented to a district court in a habeas petition from a state prisoner must have first been exhausted in the state court system." *Green v. Sec., Dep't of Corr.,* 28 F.4th 1089, 1128-29 (11th Cir. 2022). The petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (internal quotation marks and citations omitted). The petitioner must also present "his or her claims through one 'complete round of the State's established appellate review process.'" *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (quoting *O'Sullivan*

*v. Boerckel*, 526 U.S. 838, 845 (1999)). "Comity also requires that the claims the prisoner presents to the district court be the *same claims* the prisoner exhausted in the state courts." *Green*, 28 F.4th at 1129 (emphasis in original).

An unexhausted claim may only be considered by a federal court in a habeas proceeding if the petitioner establishes one of two exceptions: 1) the "cause and actual prejudice" exception or 2) the "actually innocent," or "fundamental miscarriage of justice," exception. *Id*. (citations omitted).

In addition to the bar created by a failure to exhaust state court remedies, a prisoner's claims can also be barred from federal court review by the doctrine of procedural default. "Pursuant to the doctrine of procedural default, a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules, is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default." *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994). If Williams did not exhaust his claims in state court, and state law would preclude him from doing so now, his claims are procedurally barred from review in this Court absent extraordinary circumstances. *Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008) ("A claim is procedurally defaulted if it has not been exhausted in state court and would now be barred under state procedural rules.").

If a petitioner's claim has been properly brought before the State courts and adjudicated on the merits in State court proceedings, a writ may issue only if the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of

the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" 28 U.S.C. § 2254(d); *see also Jones v. Sec'y, Dep't of Corr.,* 644 F.3d 1206, 1209 (11th Cir. 2011) (stating that "under AEDPA, a federal court may not grant habeas relief on a claim that has been considered and rejected by a state court unless it is shown that the state court's decision was 'contrary to' federal law then clearly established in the holdings of the United States Supreme Court … or that it 'involved an unreasonable application' of such law … or that it was 'based on an unreasonable determination of the facts' in the light of the record before the court (internal citations omitted)).

"A state court decision is contrary to clearly established federal law if it applies a rule that contradicts the governing law set forth in Supreme Court cases or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to the Court's." *Windom v. Sec'y, Dep't of Corr.,* 578 F.3d 1227, 1247 (11th Cir. 2009). A state court's decision is an "unreasonable application" of established federal law if the state court identifies the correct governing legal rule from Supreme Court caselaw but unreasonably applies it to the facts of the case. *Sears v. Warden GDCP*, 73 F.4th 1269, 1279 (11th Cir. 2023) (citing *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)). The statutory phrase "clearly established Federal law" "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams,* 529 U.S. at 412.

As to findings of fact reviewed under 28 U.S.C. § 2254(d)(2), a federal court determines whether the state court's finding "'was based on an unreasonable

8

determination of the facts in light of the evidence presented in the State court proceeding.'" *Callahan v. Campbell,* 427 F.3d 897, 926 (11th Cir. 2005) (quoting § 2254(d)(2)). In making such an assessment, the federal court must presume as correct all determinations of factual issues made by a state court. 28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. *Id.*; see also *Miller-El v. Cockrell,* 537 U.S. 322, 339 (2003) (noting that "[f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)"). Indeed, when evaluating whether a state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" under § 2254(d)(2), the reviewing court "may not characterize . . . state-court factual determinations as unreasonable" even if it would have reached a different conclusion. *Daniel v. Comm'r, Ala. Dep't of Corr.,* 822 F.3d 1248, 1259 (11th Cir. 2016) (internal citations omitted).

A. **Exhaustion/Procedural Default**

Respondent argues that the first claim raised by Williams in support of his petition for habeas relief, ineffective assistance of counsel at the motion to suppress hearing prior to trial, was not exhausted. To satisfy the exhaustion requirement, Williams must have given the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. In Alabama, a "complete round" of the appellate

9

review process includes an appeal to the Alabama Court of Criminal Appeals ("ACCA"), an application for rehearing in that court, and a petition for discretionary review in the Supreme Court of Alabama. *Price v. Warden, Att'y Gen. of Ala.*, 701 F. App'x 748, 749-50 (11th Cir. 2017) (per curiam). If Williams did not exhaust his claims in state court, and state law would preclude him from doing so now, his claims are procedurally barred from review in this Court absent extraordinary circumstances. *Mize*, 532 F.3d at 1190 ("A claim is procedurally defaulted if it has not been exhausted in state court and would now be barred under state procedural rules."); *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994) ("Pursuant to the doctrine of procedural default, a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules, is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default.").

In his Rule 32 petition, as he does here, Williams alleged that his trial counsel was ineffective "for failing to know the law applicable to the facts of these cases during the motion to suppress hearing, thus failing to effectively litigate the Fourth Amendment Claims." (Doc. 10-12, PageID. 931). The trial court denied relief on this claim on the merits. (Doc. 10-15, PageID. 1231-33). Williams filed an appeal to the Alabama Court of Criminal Appeals challenging the trial court's dismissal of his Rule 32 petition; however, the Court of Criminal Appeals held that he abandoned this claim on appeal because he did not assert or argue it in his brief and, thus, the Court did not consider the claim since it was not properly before the Court. (Doc. 10-20, PageID. 1339-40). Williams did reassert this issue in his petition for writ of certiorari to the Alabama Supreme Court,

10

(Doc. 10-23, PageID. 1373), but the Alabama Supreme Court denied the writ without opinion. (Doc. 10-24, PageID. 1384).

As discussed above, the petitioner in a federal habeas proceeding must properly exhaust his state court remedies to give the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Houston,* 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). "To exhaust state remedies in accordance with the exhaustion requirement, the petitioner must fairly present every issue raised in his federal petition to *each appropriate state court*, ... alerting that court to the federal nature of the claim and a statement of the facts that entitle him to relief." *Hall v. Davenport*, Case No.: 1:13-cv-229-WHA, 2016 WL 5349485, at *10 (M.D. Ala. 2016) (citing *Duncan*, 513 U.S. at 365-66; *Boerckel,* 526 U.S. at 845; *Picard*, 404 U.S. at 277-78). "The petitioner must present his claims to the state courts such that they are permitted the 'opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim.'" *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004) (quoting *Picard*, 404 U.S. at 277) (alteration in original). Williams did not do this. Because Williams abandoned this claim in the Court of Criminal Appeals, he failed to "invok[e] one complete round of the State's established appellate review process," *O'Sullivan v. Boerckel*, 526 U.S. at 842, thereby failing to permit the state court the "opportunity to pass upon and correct" the alleged violation of federal law, *Picard*, 404 U.S. at 275. Thus, he failed to exhaust the first claim presented in the instant petition.

In addition, this claim is now procedurally defaulted because Williams cannot return to state court to fully exhaust it. "[F]ederal courts may treat unexhausted claims

11

as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile." *Bailey v. Nagle*, 172 F.3d 1299, 1305 (11th Cir. 1999) (citing *Snowden v. Singletary*, 135 F.3d 732, 737 (11th Cir. 1998)). Not only would Williams's ineffective assistance of counsel claims be time-barred, Ala. R. Crim. P. 32.2(c), they would be successive under Rule 32.2(b)'s general provisions and Rule 32.2(d)'s specific provisions which precludes relief for ineffective assistance of counsel claims raised "in a successive petition." Consequently, though these claims are technically unexhausted, they are also procedurally defaulted for purposes of federal habeas review. An unexhausted claim and/or procedurally defaulted claim may only be considered by a federal court in a habeas proceeding if the petitioner establishes one of two exceptions: 1) the "cause and actual prejudice" exception or 2) the "actually innocent," or "fundamental miscarriage of justice," exception. *Green*, 28 F.4th at 1129. Williams has not asserted nor argued either of these exceptions, and the record before the Court does not support either of them. Accordingly, Williams's petition for a writ of habeas corpus on this claim is denied on procedural grounds.

## B. Merits Analysis of Second Claim

As discussed above, *supra* at pp. 7-9, if a petitioner's claim has been adjudicated on the merits in State court proceedings, a writ of habeas corpus may issue only if the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding.'" 28 U.S.C. § 2254(d). In the second claim raised in the instant petition, which Williams raised in his Rule 32 petition (by way of amendment) and before the state appellate courts, Williams contends that his trial counsel was ineffective for failing to subject the prosecution's case to meaningful adversarial testing, primarily on the ground that trial counsel failed to defend his Sixth Amendment right to confront the witnesses against him. (Doc. 10-13, PageID. 1077-89; Doc. 10-16, PageID. 1265-73; Doc. 10-23, PageID. 1374, 1380-81). This issue was decided against Williams by both the trial court, who denied the confrontation claim substantively on the merits, and the Alabama Court of Criminal Appeals, who addressed the direct issue of whether counsel was ineffective for failing to defend William's Sixth Amendment right to confront the witnesses against him. (Doc. 10-15, PageID. 1229-31; Doc. 10-20, PageID. 1340-43).

Here, "the clearly established federal law is the *Strickland* analysis governing ineffective assistance of counsel claims." *Moody v. Thomas*, 89 F. Supp. 3d 1167, 1257 (N.D. Ala. 2015). In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court held that criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. To establish a violation of the Sixth Amendment, the petitioner bears the burden of establishing by a preponderance of the evidence that his attorney's performance was deficient and that he was prejudiced by the inadequate performance. *See Strickland,* 466 U.S. at 687. In *Strickland*, the Court explained:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.

13

> Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687. Thus, to prevail, the petitioner must demonstrate that his attorney's performance "fell below an objective standard of reasonableness," 466 U.S. at 688, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. Both prongs of the test must be satisfied for a habeas petitioner to succeed on a claim of ineffective assistance of counsel. *Id.*; *Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004).

In both state court and in the instant petition, Williams argued that his trial counsel was constitutionally ineffective for failing to "meaningfully" challenge the State's alleged violation of his Sixth Amendment right to confront his accusers. (Doc. 10-13, PageID. 1078-89; Doc. 1, PageID. 53-67). Specifically, Williams complained that the State violated his Sixth Amendment right to confront the witnesses against him by opting not to call two victims to testify at trail and, instead, played surveillance camera video. (*See id.*). He contended that by doing so, the State abrogated his right to confront these two victims and, because he was unable to cross examine the video evidence, his rights were violated. (*Id.*). The Court of Criminal Appeals, disposing of this claim on its merits on the ground that trial counsel was not ineffective for allegedly failing to raise a confrontation clause objection because doing so would have been baseless, stated:

> The circuit court correctly rejected the notion that Williams was denied his right to confrontation simply because the State did not call the victims of two of the robberies, who were named in the indictments. "The confrontation clause does not guarantee that the State will

14

call all the witnesses it has against the accused nor does it require the State to call any particular witness." *Barton v. State*, 494 So.2d 943, 950 (Ala. Crim. App. 1986). "'The right to confront a witness arises only when that witness inculpates a defendant.'" *D.H.R. v. State,* 615 So. 1327 1329 (Ala. Crim. App. 1993) (quoting *United States v. Daly*, 756 F.2d 1076, 1081 (5th Cir. 1985)). "'[T]he confrontation clause does not come into play where a potential witness neither testifies nor provides evidence at trial.'" *Barton*, 494 So. 2d at 950 (quoting *Turnbough v. Wyrick*. 420 F. Supp. 588, 592 (E.D. Mo. 1976), aff'd, 551 F.2d 202 (8th Cir. 1977)). *See also D.H.R.*, 615 So. 2d at 1329-30 (holding that a defendant has no right to confront or cross-examine witnesses who do not testify at trial and whose out-of-court statements are not introduced into evidence against the defendant). The two victims did not testify against Williams and no out-of-court statements made by them were introduced into evidence against him. Therefore, Williams was not denied his right to confrontation when the victims of two of the robberies did not testify against him.

The court also correctly rejected Williams's assertion that, absent the victims' testimony, the State failed to prove the elements of robbery. Although Williams is correct that robbery is a crime against the person, testimony from the victim of a robbery is not necessarily required to prove the elements of robbery. In this case, the State introduced into evidence surveillance video depicting the two robberies. To the extent that Williams complained in his petition that he was unable to cross-examine the surveillance video, the circuit court correctly recognized that the Confrontation Clause applies only to testimonial statements. "Surveillance cameras are not witnesses, and surveillance photos are not statements." *United States v. Clotaire*, 963 F.3d 1288, 1295 (11th Cir. 2020). *See also United States v. Wallace*, 753 F.3d 671, 674-75 (7th Cir. 2014) (rejecting the defendant's argument that introduction into evidence of a video depicting an attempted drug buy violated the defendant's right to confrontation because "the videotape itself was not a 'statement' the maker of which could be 'confronted' to test the 'statement's' accuracy").

Because the substantive claim underlying Williams's claim of ineffective assistance of counsel was meritless, his counsel could not be ineffective for not adequately arguing it to the trial court. *See, e.g., Lee v. State*, 44 So. 3d 1145,

15

> 1173 (Ala. Crim. App. 2009) ("Because the substantive claim underlying the claim of ineffective assistance of counsel has no merit, counsel could not be ineffective for failing to raise this issue.").

(Doc. 10-20, PageID. 1340-43).

To prevail on this claim in this habeas proceeding, Williams has the burden of proving that the adjudication of his ineffective assistance of counsel claim by the state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); 28 U.S.C. § 2254(d). Williams has not met this burden. "A lawyer cannot be deficient for failing to raise a meritless claim." *Freeman v. Atty. Gen.*, 536 F.3d 1225, 1233 (11th Cir. 2008); *see also Denson v. U.S.*, 804 F.3d 1339, 1342 (11th Cir. 2015) ("Failing to make a meritless objection does not constitute deficient performance."). Both the trial court and the Alabama Court of Appeals concluded that there was no merit to Williams's confrontation clause claims; therefore, his attorney could not have been deficient for his alleged ineffectiveness in objecting to that issue at trial, nor for that matter could Williams have been prejudiced by his attorney's alleged ineffectiveness in presenting a meritless argument at trial.

Having carefully reviewed the materials filed by Williams in support of his appeal to the Alabama Court of Criminal Appeals (as well as his Rule 32 petition and his petition to the Alabama Supreme Court), the Court of Criminal Appeal's decision, and

the petition filed herein, this Court finds that the Court of Criminal Appeal's decision affirming the trial court's denial of Williams's Rule 32 petition as to his claim of ineffective assistance of counsel for failing to defend his Sixth Amendment right to confront witnesses against him was neither contrary to clearly established federal law nor based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. The record simply does not support a finding that Williams's trial counsel's performance was so deficient, if deficient at all, that he was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment nor does it support a finding that Williams was prejudiced by his counsel's performance. *See Strickland*, 466 U.S. at 687. Accordingly, Williams's petition for a writ of habeas corpus on this claim is denied.

## IV. **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the certificate of appealability ("COA") is denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2).

When deciding whether to issue a COA, the district court applies different standards depending on whether a habeas claim was dismissed on the merits or on procedural grounds. Where a habeas claim was rejected on the merits, a COA should

17

only issue where the petitioner "demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)). Where habeas relief is denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added). While "a COA does not require a showing that the appeal will succeed[,]" a prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 337-38 (internal quotation marks omitted).

With respect to the first claim raised by Williams, in which habeas relief is denied on procedural grounds, the Court finds that reasonable jurists could not debate whether the petition states a valid claim of the denial of a constitutional right or that jurists of reason would find it debatable whether the Court was correct in its procedural ruling. With respect to the second claim raised by Williams, in which habeas relief is denied on the merits, the Court finds that reasonable jurists could not find its assessment of the constitutional claims debatable or wrong. Accordingly, Williams is

not entitled to a certificate of appealability as to either of the claims he has raised in his habeas corpus petition.

## V. CONCLUSION

The Court finds that Williams is not "in custody in violation of the Constitution or laws or treaties of the United States," and accordingly, his request for federal habeas corpus relief, pursuant to 28 U.S.C. § 2254, is **DENIED**. Williams is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** this the 24th day of September 2025.

> s/Kristi K. DuBose
> KRISTI K. DuBOSE
> UNITED STATES DISTRICT JUDGE